## Richmond

CHRISTIAN D. CLAUSEN V. VIRGINIA TRANSIT COMPANY.

March 8, 1971.

Record No. 7293.

Present, All the Justices.

*Augustus Anninos* (*Howell, Anninos & Daugherty*, on brief), for plaintiff in error.

*William T. Prince* (*E. Milton Farley, III; Williams, Worrell, Kelly & Worthington; Hunton, Williams, Gay, Powell & Gibson*, on brief), for defendant in error.

Per Curiam.

Plaintiff, Christian D. Clausen, brought this action to recover for personal injuries resulting from a collision between the car he was driving and a bus of defendant Virginia Transit Company. The collision occurred in the vicinity of the "X" mark superimposed on the sketch on the following page.

Both the plaintiff's car and the defendant's bus turned right from Taussig Boulevard into the cutoff leading to Granby Street. When they reached Granby Street, the bus was on the right-hand side of the cutoff and the plaintiff's car was on the left-hand side adjacent to the bus. The plaintiff's car crossed into the inside or eastern lane of Granby Street, headed south. According to the plaintiff's evidence, the bus first headed south in the outside or western lane of Granby

Street, but moved to the left, striking the plaintiff's car in the inside or eastern lane of travel.

The trial judge struck the plaintiff's evidence and entered summary judgment for the defendant, holding that the plaintiff had violated Code § 46.1-215, which provides:

"§ 46.1-215. *Required position and method of turning at intersections; local regulations.*—The driver of a vehicle intending to turn at an intersection or other location on any highway . . . shall do so as follows:

"(a) Right turn: Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.
"\* \* \*

"(d) Local authorities having the power to regulate traffic in their respective jurisdictions may cause markers, buttons, or signs to be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this section be traveled by vehicles turning at any intersection, and when mark-

ers, buttons, or signs are so placed no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such markers, buttons or signs."

According to the record in this case, there was no marker, button or sign directing the plaintiff, when turning to the right and onto Granby Street, to follow a different course from that specified in paragraph (a) of Code § 46.1-215. The plaintiff therefore violated Code § 46.1-215, and consequently was negligent, when he failed to approach and make the right turn "as close as practicable to the right-hand curb or edge of the roadway" as required by paragraph (a). Under the evidence, such negligence efficiently contributed to cause the accident. Therefore the plaintiff was guilty of contributory negligence which barred recovery, and the court correctly entered summary judgment for the defendant.

*Affirmed.*